# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| |
|---|
| SOUMAHORO DOUTY, *Plaintiff*, v. NEWARK and STATE OF NEW JERSEY, *Defendants.* |

Civil Action No. 19-12637

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

Plaintiff Soumahoro Douty[1] brings this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* but **DISMISSES** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff has sufficiently established his inability to pay for the costs of his suit and the Court grants Plaintiff's motion to proceed *in forma pauperis* without prepayment of fees or costs.

When allowing a plaintiff to proceed *in forma pauperis*, a court must review the complaint and dismiss the action if it (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune. 28 U.S.C. §

---

[1] In his Complaint, Plaintiff also writes his name as "Douty Soumahoro."

1915(e)(2)(B). When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiff is proceeding *pro se*, the Court construes the pleading liberally and holds the pleading to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

At the outset, Plaintiff names as Defendants Newark and the State of New Jersey. D.E. 1 ("Compl."). However, New Jersey cannot be sued in federal court. Under the Eleventh Amendment, "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XL. The Eleventh Amendment protects states, as well as their agencies and departments, from suit in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). This immunity also extends to state employees acting in their official capacities. *See id.* at 101. Sovereign immunity is "subject to three exceptions: 1) congressional abrogation, 2) state waiver, and 3) suits against individual state officers for prospective relief to end an ongoing violation of federal law." *See MCI*

2

*Telecomm. Corp. v. Bell Atlantic-Pennsylvania*, 271 F.3d 491, 503 (3d Cir. 2001). Plaintiff has not cited or analyzed any of the three exceptions. Moreover, the Court could not find a basis to potentially apply any of the three exceptions. Accordingly, sovereign immunity applies to the State of New Jersey. The Court dismisses with prejudice the State of New Jersey.

Furthermore, Plaintiff does not state what his claim is, nor does he check off what the basis is for federal court jurisdiction on his complaint. Compl. at 2. Plaintiff alleges he got shot but does not know who shot him, because he "was sent to the hospital uncoscience [sic]." *Id.* at 3. He claims he need therapy but does not state what his injuries are. For relief, Plaintiff asks for assistance obtaining a U.S. Passport with a visa for the Ivory Coast and $35,000. *Id.* at 4.

Plaintiff includes no further explanation as to his claim of being shot or how this relates to Defendants. Plaintiff does not indicate what alleged rights were violated, Defendants' relation to any alleged improper conduct, or the relevance of the relief Plaintiff is asking for. Therefore, Plaintiff fails to plausibly state a claim against Defendants.

At first glance, Plaintiff may be alleging a violation of 42 U.S.C. § 1983. Specifically, in light of his gunshot claim, Plaintiff may be alleging that he was subject to excessive force in violation of the Constitution. However, Plaintiff does not plausibly plead any facts to support such a violation, assuming that he is in fact alleging excessive force. As noted, Plaintiff fails to indicate how Defendants fit into the alleged violation.

Moreover, in light of Plaintiff's claim for relief, the Court does not know if Plaintiff is in fact alleging a Section 1983 or similar violation. The Court dismisses Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

A court must grant leave to amend a complaint "absent evidence that amendment would be futile or inequitable." *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). An amended

complaint would be futile if it "would fail to state a claim upon which relief could be granted." *Id.* at 115. In light of the noted deficiencies, the Court has real concerns that any attempt to amend would be futile. However, because Plaintiff is proceeding pro se and is entitled to a more relaxed standard of review than if he was represented by counsel, the Court will grant him an opportunity to amend his pleadings and plausibly state his allegations.

For the foregoing reasons, and for good cause shown,

**IT IS** on this 24th day of June, 2019,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that Defendant State of New Jersey is **DISMISSED with prejudice**; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

**ORDERED** that Plaintiff may file an amended complaint within thirty (30) days of receipt of this Order and the accompanying Opinion, curing the noted defects. If Plaintiff fails to file an amended complaint within thirty (30) days of receipt, dismissal of this case shall be with prejudice.[2] In addition, if Plaintiff files an amended complaint but it is still deficient, this case may be dismissed with prejudice; and it is further

---

[2] A dismissal with prejudice means that Plaintiff will not be able to bring any future action against Defendant based on the allegations in the case.

**ORDERED** that the Clerk of the Court shall serve this Opinion & Order upon Plaintiff by regular and certified mail return receipt.

							_____
							John Michael Vazquez, U.S.D.J.